UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH DUANE FOLKERTS,<br><br>　　　　　　　　Defendant. | CASE NO. 3:22-cr-05349-BHS<br><br>ORDER |

This matter is before the Court on Defendant Joseph Folkerts's Motion for Early Termination of Supervision. Dkt. 5. The Honorable Michael Mosman, United States District Judge for the District of Oregon, sentenced Folkerts to 48 months in prison followed by five years of supervised release after he pled guilty to one count of Racketeering Conspiracy in violation of 18 U.S.C. §1962(d). This charge arose from Folkerts disposing of the body of a person that the Gypsy Joker motorcycle gang murdered. At the time of the offense, Folkerts was a member of the gang.

　　Folkerts's term of supervision began on June 27, 2022, and is set to expire on June 26, 2027. On January 3, 2023, the Court accepted a transfer of jurisdiction over

ORDER - 1

Folkert from the District of Oregon. Dkt. 1. Folkerts's motion for Early Termination of Supervision is therefore properly before this Court.

The United States Probation Office technically opposes early termination of supervision. Dkt. 7. It concedes that Folkerts presents a low risk to reoffend and "has performed well on supervision and is deserving of our commendation," but ultimately is "unable to endorse early termination" of supervision because of the nature of his offense and the limited amount of time Folkerts has served under supervision. *Id*. at 2.

The Government also opposes terminating supervision early. Dkt. 8. It too concedes that Folkerts has been compliant on supervised release. *Id* at 3. It argues however that he already received a sentence that was 50 months below the United States' recommendation, and that terminating supervision early would not adequately reflect the seriousness of the offense or provide adequate deterrence. *Id*. at 2–3.

The Court concludes that early termination of supervised release is appropriate. 18 U.S.C. § 3583(e)(1) authorizes the Court to terminate a term of supervised release after a defendant has served one year of supervision if the Court is satisfied that such action is warranted by the conduct of the defendant and after considering the factors set forth under §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Both Probation and the Government's opposition to release essentially rests on subsection(a)(1), which concerns "the nature and circumstances of the offense and the history and characteristics of the defendant," and subsection (a)(2)(B), which addresses "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." Neither the Government nor Probation discuss any of the other factors.

In analyzing all the factors together, the Court concludes that early termination in warranted. Critically, subsection (a)(2)(C), which concerns "the need for the sentence imposed to protect the public from further crimes of the defendant," weighs in favor of early termination. Folkerts has no criminal history and he had a minor role in the offense. The psychological report concluded that he does not pose a risk of violence to family or community. The Court finds that continued supervised release is unlikely to provide a general deterrence in these circumstances. 18 U.S.C.§ 3553(a)(2)(B).

With regard to § 3553(a)(6), which addresses "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," the Court is influenced by the additional consideration under § 3553(a)(5) of the 2018 policy statement.[1] The policy statement encourages early termination of supervision for persons who, among other factors, are not career criminals, engage in pro-social behaviors, present no identified risk of harm to the public, and are free from court-reported violations for over a 12-month period on release. The policy statement instructs that, "[a]fter 18 months, higher risk persons under supervision who have demonstrated a risk reduction (as demonstrated by a reduction in [the Post Conviction Risk Assessment] level/category) and who are in substantial compliance with the factors provided above *must* be considered for early termination." Guide to Judiciary Policy, *supra*, § 360.20(d) (emphasis added). Folkerts meets these criteria. He has served 18 months of supervision without any violations, has no criminal history, and does not

---

[1] Guide to Judiciary Policy, Vol. 8, Part E § 360.20, as amended in 2018.

present a risk to the public. The 2018 policy statement weighs heavily in favor of early termination of supervision in his case.

Accordingly, it is hereby **ORDERED** that the Motion for Early Termination of Supervised Release, Dkt. 5, is **GRANTED**.

Dated this 21st day of February, 2024.

BENJAMIN H. SETTLE
United States District Judge